Argued and submitted July 19, reversed and remanded for new trial November 14, 1985, reconsideration denied January 17, petition for review pending 1986

STATE OF OREGON,
*Respondent,*

*v.*

THOMAS ANTHONY LARSEN,
*Appellant.*

(84-0519; CA A34493)

708 P2d 1204

David C. Degner, Hillsboro, argued the cause and filed the brief for appellant.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

YOUNG, J.

## YOUNG, J.

Defendant appeals his conviction for possession of a controlled substance (cocaine), ORS 475.992(4), arguing that, under *State v. Lowry,* 295 Or 337, 667 P2d 996 (1983), the trial court erred in denying his motion to suppress certain evidence. We agree and reverse.

At 8:32 p.m. on April 6, 1984, a deputy sheriff observed a van parked in the parking lot of King City Plaza with its motor running, exterior lights off and interior lights on. All businesses in the area were closed for the night. Suspecting illegal activity, the deputy parked and approached the van on foot. He looked through the back window and saw defendant hunched over a bench putting some white powder from a piece of a broken mirror onto pieces of paper. He was then folding and placing the papers in the front of the van. The deputy testified that, on the basis of his experience and training, he believed the substance to be cocaine.

A second deputy arrived, and he also observed the defendant through the window of the van. Defendant started to drive away but was stopped by the officers and told to park. He was asked for identification and was told that the deputies had been watching his activity. He was then advised of his *Miranda* rights. He produced an Oregon driver's license. The deputies saw a black film canister with white paperfolds sticking out lying on the step next to the driver's seat. One of the deputies picked up the canister and asked defendant what it was. Defendant replied, "Jackpot."

The canister was seized, and a paperfold was removed and opened, revealing a white powdery substance. The deputies radioed their supervisor and requested instructions. They were told to release defendant but to keep the canister and tell him that, if tests showed the powder to be a controlled substance, he would be arrested. The deputies gave defendant a receipt and told him that he might be arrested in the future. After the seized substance tested positive for the presence of cocaine, a warrant was issued for defendant's arrest.

The trial court denied defendant's motion to suppress the test results. After a stipulated facts trial to the court, he was convicted.

Defendant argues that the trial court erred in denying

his motion to suppress, because *State v. Lowry, supra,* requires the state to obtain a warrant before testing a seized substance, unless there is some "practical necessity to act before a warrant can be obtained." 295 Or at 347. Because the substance was in the possession of the police, defendant argues, there was no such practical necessity and, therefore, the state should have obtained a warrant. We agree.

In *State v. Westlund,* 75 Or App 43, 705 P2d 208, *rev pend* (1985), we held that *Lowry* requires the police to obtain a warrant before testing the contents of a vial seized during a valid search incident to an arrest. We stated:

> "Simply put, *Lowry* requires that each step of a warrantless search or seizure be justified by an exception to the warrant requirement; it is irrelevant whether a previous or subsequent step is within an exception. The precise holding is that, once a suspect object is in an officer's control, any necessity for proceeding without a warrant has ended and the officer can do no more than 'safeguard it and * * * obtain a speedy judicial decision' on whether there is probable cause for a further search. '[U]nless the substance is volatile the practical need to proceed without a warrant normally extends no further.' 295 Or at 347. The warrantless *seizure* does not justify a later warrantless *search.*" 75 Or App at 48. (Emphasis in original.)

Thus, regardless of the validity of the seizure in this case,[1] the state should have obtained a warrant before the search, *i.e.,* testing, because the film canister was in the officer's control.

The state argues (1) that *Lowry* is inapposite and that this case is instead controlled by *State v. Caraher,* 293 Or 741, 653 P2d 942 (1982), and (2) that, in any event, *Lowry* does not require a pre-test warrant if the officer has recognized a substance as contraband. We rejected the latter argument in *Westlund:*

> "In this case, but not in *Lowry,* the arresting officer testified that, on the basis of his training and experience, he believed before the search of the vial that it contained a controlled substance. In the light of the Supreme Court majority's rationale in *Lowry,* this difference in the facts is without decisional significance." 75 Or App at 47. (Footnote omitted.)

---

[1] Defendant conceded below that the warrantless seizure of the film canister was valid.

With respect to the first contention, the state argues that *Caraher,* not *Lowry,* applies because in *Caraher,* as here, the search was related to the crime for which defendant was arrested. The thrust of the argument apparently is that the state must obtain a warrant before testing the contents of a container only when the defendant was initially arrested for an unrelated crime. If, on the other hand, the seized substance is possible evidence of the crime for which the defendant was arrested, the subsequent warrantless testing is valid as a search incident to arrest.

■ ■  We do not agree. Even assuming that there was an arrest,[2] the argument overlooks the fact that if the officers reach a logical stopping point, they must obtain a warrant before proceeding further. *See State v. Kirsch,* 69 Or App 418, 422-23, 686 P2d 446, *rev den* 298 Or 151 (1984); *State v. Flores,* 68 Or App 617, 634, 685 P2d 999, *rev den* 298 Or 151 (1984). In *Kirsch, Flores* and *Caraher,* there was no logical stopping point.[3] Here, however, there was—when the officers seized the film canister and released defendant. Thus, the state's failure to obtain a search warrant before the testing renders the test results inadmissible. It was error to deny the motion to suppress. *State v. Westlund, supra.*

Reversed and remanded for a new trial.

---

[2] The parties disagree over whether there was an arrest sufficient to support a search incident to an arrest. Because we hold that a warrant was required when the logical stopping point was reached, we need not address that issue.

[3] In *State v. Kirsch, supra,* and *State v. Flores, supra,* we upheld the search of an automobile which was one continuous process and which resulted in continuing discoveries of contraband. We found no logical intermediate stopping point for the searches. In *State v. Caraher, supra,* the Supreme Court upheld a search of the defendant's purse after her arrest. She was secured in the back seat of a police car at the time of the search, but it occurred soon after her arrest, and there were strong reasons for believing that the purse contained evidence of the crime for which she was arrested. *Kirsch, Flores and Caraher* did not involve the warrantless testing of seized substances.

In *State v. Lowry, supra,* the Supreme Court upheld a search of the defendant incident to a DUII arrest and the seizure of a bottle containing a white powder on the person. It held, however, that the warrantless testing of the powder was illegal. Whatever the analytical problems may be with *Lowry, see State v. Flores, supra,* 68 Or App at 627-35, it is clear that the seizure of the bottle constituted a logical stopping point. In *Westlund,* we held:

"The testing was not reasonable in time in relation to a presumed arrest for possession, and a logical stopping point had already been reached." 75 Or App at 51. (Footnote omitted.)