Submitted on remand from the Oregon Supreme Court January 5, resubmitted In
Banc February 4, affirmed March 18, 1987

# STATE OF OREGON,
*Respondent,*

*v.*

# THOMAS ANTHONY LARSEN,
*Appellant.*

## (84-0519; CA A34493)

734 P2d 362

David C. Degner, Hillsboro, argued the cause and filed the brief for appellant.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

YOUNG, J.

Buttler, P. J., specially concurring.

**YOUNG, J.**

This case is on remand from the Oregon Supreme Court, for reconsideration in the light of *State v. Owens,* 302 Or 196, 729 P2d 524 (1986). In our first opinion, 76 Or App 381, 708 P2d 1204 (1985), we held that the state's failure to obtain a search warrant before testing the contents of paperfolds that had been seized by the police rendered the test results inadmissible under Article I, section 9, of the Oregon Constitution. 76 Or App at 385. On reconsideration, we conclude that the test results are admissible.

■ Defendant contends that the testing was not a lawful search incident to arrest, because (1) he was not under arrest at the time of the search and (2), even if he was under arrest, the testing was unlawful, because the search had reached a "logical stopping point" when the paperfolds were seized.

As to defendant's first argument,[1] *Owens* has this to say:

> "Defendant's final argument is, because she was not charged with the crime of Possession of Controlled Substance until several weeks after her arrest for Theft and the contemporaneous seizure of the vial and packet, that the search cannot be justified as related to her 'arrest' on the Possession charge. We disagree. The timing of the actual charge is not relevant to determining the validity of a search incident to arrest. The relationship of the search to the new crime for which the officer has probable cause to arrest, and the reasonableness of the search in time, space and intensity to the new crime are judged as of the time the officer has probable cause to arrest for the new crime. If there is probable cause for the second arrest, the fact that the arrestee, for any number of reasons, is later, or never, charged with the second crime is irrelevant to a determination of whether the search incident to the arrest was lawful at the time it occurred." 302 Or at 205.

There was probable cause to believe that defendant had committed the crime of possession of a controlled substance.

■ As to defendant's second argument, *State v. Herbert,* 302 Or 237, 243, 729 P2d 547 (1986), states:

> "We have stated that the officer had probable cause to seize the paperfold and that the officer believed that the

---

[1] We did not reach this issue in our first opinion. *See* 76 Or App at 385 n 2.

paperfold contained contraband. Because the officer, based upon his experience, had probable cause to believe that the paperfold contained contraband, he had the right to search the paperfold for controlled substance and, therefore, had the right to open that container. Once the container was opened and the contraband discovered, he had the right to test it. *State v. Owens, [supra]*."

The testing of the contents of the paperfolds was lawful, if there was probable cause to believe that the paperfolds contained a controlled substance. There was.

These facts gave rise to the probable cause:

"At 8:32 p.m. on April 6, 1984, a deputy sheriff observed a van parked in the parking lot of King City Plaza with its motor running, exterior lights off and interior lights on. All businesses in the area were closed for the night. Suspecting illegal activity, the deputy parked and approached the van on foot. He looked through the back window and saw defendant hunched over a bench putting some white powder from a piece of a broken mirror onto pieces of paper. He was then folding and placing the papers in the front of the van. The deputy testified that, on the basis of his experience and training, he believed the substance to be cocaine.

"A second deputy arrived, and he also observed the defendant through the window of the van. Defendant started to drive away but was stopped by the officers and told to park. He was asked for identification and was told that the deputies had been watching his activity. He was then advised of his *Miranda* rights. He produced an Oregon driver's license. The deputies saw a black film canister with white paperfolds sticking out lying on the step next to the driver's seat. One of the deputies picked up the canister and asked defendant what it was. Defendant replied, 'Jackpot.' " 76 Or App at 383.

The trial court did not err in denying the motion to suppress.

Affirmed.

**BUTTLER, J.,** specially concurring.

I concur specially in the court's decision for the reasons stated in my specially concurring opinion in *State v. McCrory,* 84 Or App 390, 734 P2d 359 (1987).