Argued and submitted February 20, affirmed July 8, 1987

# STATE OF OREGON,
*Respondent,*

*v.*

# KEITH LELAND FINCH,
*Appellant.*

(85122505; CA A40914)

739 P2d 66

Edward L. Daniels, Albany, argued the cause and filed the brief for appellant.

Douglas Zier, Assistant Attorney General, Salem, argued

the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

**YOUNG, J.**

Defendant appeals his conviction for possession of a controlled substance. ORS 475.992(4). He argues that the trial court erred in denying his motion to suppress. We affirm.

On September 25, 1985, defendant was stopped by a police officer because of erratic driving. After advising defendant of his *Miranda* rights and conducting field sobriety tests, the officer arrested defendant for driving under the influence of intoxicants.[1] During a pat-down search,[2] the officer felt a hard object in defendant's left front pants pocket. The officer started to retrieve the object from the pocket, but defendant jerked away and grabbed it from the officer. The officer testified:

"Q: What were you checking for in the pat-down?

"A: Any weapon, contraband, anything that I didn't want him to have.

"Q: And the pat-down, you were looking for contraband?

"A: For anything that he shouldn't have.

"Q: Did you feel that the object you found was a knife?

"A: No.

"Q: You didn't feel it was a weapon of any sort?

"A: It didn't feel like a weapon, no.

"Q: Okay. Would you classify it as a suspicious object?

"A: Where it was located in procuring [*sic*] your left front pant pocket, I would say it was a little unusual, but not the object itself. To me it was a little unusual.

"Q: Who pulled it out of the pocket anyway?

"A: He. Actually, I started to pull it out and he basically grabbed it."

After defendant grabbed the object, the officer handcuffed him. Defendant then placed the object, a metal cigarette case, on the hood of the police car. The officer asked what was in the case; defendant said, "Drugs." When questioned further, he said that he did not want to say anything

---

[1] Defendant conceded at trial that the officer had probable cause to stop and arrest him for driving under the influence of intoxicants.

[2] Defendant concedes that the pat-down was a lawful search to protect the officer.

more. After the officer put defendant in the police car, he opened the case. It contained a razor blade and a packet containing white powder and a brown substance. On the basis of his experience and training, he believed that the packet contained controlled substances.

A breath test recorded a blood alcohol content of .09 percent. Surprised that the reading was not higher, the officer asked defendant if he had used any of the contents of the cigarette case. Defendant said, "A little." The white powder and the brown substance tested positive for cocaine and methamphetamines. After that initial testing, the police obtained a search warrant and re-tested the substances.

Defendant moved to suppress, relying on the Fourth Amendment and Article I, section 9, of the Oregon Constitution. The motion was denied, and defendant was convicted on stipulated facts of possession of a controlled substance.

■ We consider the state constitutional claim first. *See State v. Kennedy,* 295 Or 260, 262, 666 P2d 1316 (1983). Under Article I, section 9, a search incident to arrest is valid (1) to protect the officer's safety, (2) to prevent escape, (3) to prevent the destruction of evidence or (4) to search for evidence of crimes which there is probable cause to believe that the arrestee has committed, so long as the search is reasonable as to time, space and intensity in light of all the circumstances. *State v. Owens,* 302 Or 196, 729 P2d 524 (1986). Here, the officer testified that he did not think that the cigarette case was a weapon, and there is no suggestion that the seizures and searches were necessary to prevent escape or the destruction of evidence. Thus, only the fourth justification is at issue here.

■ Defendant first argues that a "seizure" occurred when the officer attempted to remove the case from his pocket and that the seizure was unlawful because, at that point, the officer did not have probable cause to believe that defendant was committing a crime, evidence of which would be in the case. We do not agree that a "seizure" occurred.

In *State v. Owens, supra,* the court defined a "seizure" under Article I, section 9:

"A 'seizure' occurs when there is a significant interference with a person's possessory or ownership interests in property. The seizure of an article by the police and the retention of it

(even temporarily) is a significant intrusion into a person's possessory interest in that 'effect'." 302 Or at 207.

We conclude that the interference here was not "significant." Although the officer initially may in fact have intended not to return the case to defendant, nothing in the record suggests that the officer did not intend to let him keep it once defendant grabbed it back. Defendant chose to place the container on the hood of the police car rather than back in his pocket, and the officer did not touch it until defendant told him that it contained drugs. The officer interfered with defendant's possessory interest in the case only for a few seconds. If it was a seizure, it ended when defendant regained control of the case. We turn to the remaining events.

■        The seizure of the case from the hood of the car, the search of it and the warrantless testing were lawful. Once defendant stated that the cigarette case contained drugs, the officer had probable cause to believe that defendant was committing the crime of possession of a controlled substance and that the cigarette case contained evidence of that crime. The officer could therefore lawfully seize and search the case. *See State v. Herbert,* 302 Or 237, 243, 729 P2d 547 (1986). Once the cigarette case was opened and the contraband discovered, the officer had the right to test it. *State v. Owens, supra; State v. Larsen,* 84 Or App 403, 734 P2d 362 (1987). The trial court did not err in denying the motion to suppress under Article I, section 9.

We reach the same conclusion as to defendant's Fourth Amendment claim. The officer's attempt to remove the cigarette case from defendant's pocket was not a "seizure" for Fourth Amendment purposes, because it was not a "meaningful interference with [defendant's] possessory interests in that property." *United States v. Jacobsen,* 466 US 109, 113, 104 S Ct 1652, 80 L Ed 2d 85 (1984). Even if it was a seizure, it and all the succeeding events would be permitted as a search incident to arrest. *See United States v. Robinson,* 414 US 218, 94 S Ct 467, 38 L Ed 2d 427 (1973).

Affirmed.